**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4109**

———————

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

       v.

SEAN BRADFORD CONTEE,

                 Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:13-cr-00175-DKC-2)

———————

Submitted: November 20, 2014     Decided: November 24, 2014

———————

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Marc Gregory Hall, LAW OFFICES OF MARC G. HALL, P.C., Rockville, Maryland, for Appellant. Leah Bressack, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Bradford Contee pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute twenty-eight grams or more of cocaine base, in violation of 18 U.S.C. § 846 (2012). The district court imposed a within-Guidelines sentence of 108 months' imprisonment. On appeal, Contee's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but challenges Contee's sentence. Contee has filed a pro se supplemental brief arguing that his plea was not knowing and voluntary because he did not have access to discovery and his plea was a result of threats by counsel. Finding no error, we affirm.

We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the defendant's Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49–51.

If a sentence is free of significant procedural error, we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the properly calculated Guidelines range, this court applies a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). In light of these standards, we conclude that Contee's sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed Contee's pro se claim and the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. We further deny Contee's motion for declaratory judgment and order. This court requires that counsel inform Contee, in writing, of the right to petition the Supreme Court of the United States for further review. If Contee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on

Contee.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4